IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PARK PROPERTY MANAGEMENT, LLC, a Utah Limited Liability Company,<br><br>  Plaintiffs,<br>v.<br><br>G6 HOSPITALITY FRANCHISING, LLC, et al.,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND<br><br>Case No. 2:16-CV-00996-BCW<br><br>Magistrate Judge Brooke Wells |

Defendants G6 Hospitality Franchising, LLC et al. seek leave to amend their Answer and to assert a counterclaim against Plaintiffs Park Property Management. Defendants also seek to assert a Third-Party Complaint against Joseph Park. Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[1] Finding good cause shown, the court will grant the motion to amend.

## BACKGROUND

Plaintiffs Park Property Management (PPM) is a franchisee of multiple franchise brands.[2] PPM alleges Defendants failed to comply with their obligations, duties and responsibilities in the franchise agreement. This resulted in overcharges on royalties and other fees that were paid to Defendants and third-party venders such as Expedia.com and Booking.com. The Complaint was filed in September 2016 and an Answer was filed in November 2016. In December 2016 a

---

[1] Fed. R. Civ. P. 15.

[2] Complaint p. 3, docket no. 2.

scheduling order was entered with the deadline for filing amended pleadings set for April 17, 2017.[3]

On March 6, 2017, before the deadline to amend pleadings, Defendants filed a Motion to Amend.[4] Defendants move to amend their Answer, add a counterclaim and add a Third-Party Complaint. According to Defendants the proposed amendment will include: (1) more specificity to Defendants' defense that Plaintiffs fraud and misrepresentations allegations are barred by the franchise agreement; (2) a counterclaim against PPM for alleged breaches of the agreement; and (3) a third-party complaint against the guarantor of PPM's financial obligations under the Agreement.[5]

## DISCUSSION

**(i) Defendants Motion is Timely Under the Scheduling Order and There is no Undue Delay**

Federal Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."[6] "The district court has 'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation.'"[7] "'Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[8]

---

[3] Scheduling Order dated December 29, 2016, docket no. 21.

[4] Docket no. 23.

[5] *See* Mtn p. 3, docket no. 23.

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)).

[8] *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

The Supreme Court in *Foman v. Davis* cited "undue delay" as one of the justifications for denying a motion to amend.[9] Lateness, however, "does not of itself justify the denial of the amendment."[10] But, the "longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[11] In determining whether a movant has unduly delayed in bringing a motion to amend, the Tenth Circuit "focuses primarily on the reasons for the delay."[12] For example, courts may deny leave to amend when the movant "has no adequate explanation for the delay."[13] In addition, courts may deny leave to amend for lack of excusable neglect "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend."[14]

Plaintiffs argue "Defendants have failed to adequately explain the delay in bringing their motion to amend."[15] PPM asserts Defendants had information forming the basis for their amended pleadings long before filing their motion and therefore they were dilatory in moving to amend. In support Plaintiffs cite to *Federal Ins. Co. v. Gates Learjet Corp.*[16] in support of their arguments. The court finds PPM's arguments unpersuasive and *Learjet* is easily distinguishable from the instant case.

---

[9] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[10] *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975).

[11] *Minter v. Prime Equipment Co.* 451 f.3d 1196, 1205 (10th Cir. 2006) (quoting *Steir v. Girl Scouts*, 383 F.3d 7, 12 (1st Cir. 2004)).

[12] *Id.* at 1206.

[13] *Id*. (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

[14] *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

[15] Op. p. 4, docket no. 24.

[16] 823 F.2d 383 (10th Cir. 1987).

In *Learjet* the Tenth Circuit upheld the district court's decision to deny a motion to amend based on untimeliness and prejudice. The party seeking to amend failed to assert their defense "until four years after the complaint was served."[17] Such a delay was unreasonable and resulted in prejudice. In the present case the Scheduling Order set a deadline of April 17, 2017 to amend pleadings or add parties.[18] Defendants filed their motion on March 6, 2017, which was before the deadline to amend and less than six months after the Complaint was filed. Additionally, Defendants explanation concerning the review of discovery and the timing of filing the motion is more than adequate given the small delay in this case. Thus there is no undue delay in bringing the motion.

### (ii) There is no prejudice to Plaintiffs

"The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[19] "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."[20] Typically courts find prejudice "only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[21] This usually occurs when

---

[17] *Id.* at 387.

[18] Scheduling Order dated December 29, 2016, docket no. 21.

[19] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

[20] *United States v. Hougham,* 364 U.S. 310, 316, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960). *See also Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir.1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . . , provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." (internal quotation marks omitted)); *Eastern Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n,* 357 F.3d 1, 8 (1st Cir.2004) ("Once the adversary has answered, amendment is no longer allowed as of right, Fed.R.Civ.P. 15(a), but in general permission is liberally granted where there is no prejudice."); 6 Wright, Miller & Kane, Federal Practice and Procedure § 1487 (2d ed. 1990) ("Perhaps the most important factor listed by the Court and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading.").

[21] *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

amended claims arise from a different subject matter than what is set forth in the complaint and give rise to significant new factual issues.[22]

PPS asserts it will be prejudiced due to "wholly new claims", a "completely new Defendant" and cite to *Hom v. Squire*[23] in support of their position. The Tenth Circuit in *Hom* found prejudice where the plaintiff's motion "amounted to a request that he be allowed to add an entirely new and different claim to his suit little more than two months before trial."[24] In contrast to *Hom*, trial in this case is still more than a year away plus fact discovery is still ongoing. So *Hom* is inapplicable. Further, the court is not persuaded that this case is so far advanced that Defendants proposed amendments are a "late shift in the thrust of the case"[25] that will prejudice Plaintiffs. Contrary to Plaintiffs' assertions, discovery that has occurred so far will still be useful and applicable to the case going forward. The court will therefore find no prejudice to Plaintiffs.

---

[22] *See id.*

[23] 81 F.3d 969 (10th Cir. 1996).

[24] *Hom v. Squire*, 81 F.3d at 973.

[25] *Evans v. McDonald's Corp.*, 936 F.2d at 1091.

ORDER

Based upon the foregoing and in finding no undue delay or prejudice the court GRANTS Defendants' Motion for Leave to Amend.[26]

IT IS SO ORDERED.

DATED this 27 April 2017.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[26] [Docket no. 23](#).