## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PARK PROPERTY MANAGEMENT, LLC, a Utah Limited Liability Company,<br><br>        Plaintiff,<br><br>v.<br><br>G6 HOSPITALITY FRANCHISING LLC, a Delaware limited liability company, JACKIE NELON, an individual, and DON FINLEY, an individual, | **MEMORADUM DECISION AND ORDER SANCTIONING DEFENDANT AND DISMISSING CASE**<br><br>Case No.: 2:16-cv-00996-BCW<br><br>Magistrate Judge Brooke C. Wells |

A show cause hearing was held on November 16, 2018 regarding this court's

Order to Show Cause[1] as to why this case should not be dismissed for lack of

jurisdiction. At the hearing, Plaintiff Park Property Management ("PPM") was

represented by counsel, Kurt W. Laird, and Defendant G6 Hospitality Franchising LLC

(G6 Hospitality) was represented by counsel, Cortney H. Remund.

At the hearing G6 Hospitality argued it is a complex structure. G6 Hospitality is

solely owned by G6 Franchising Pledgor, LLC.  Defendant G6 Hospitality has provided

no further information regarding G6 Pledgor including who its members are. This

position is the same taken previously by Defendant in its Reply to Plaintiff's Response

To Order To Show Cause Re Jurisdiction.[2] An in-house attorney for G6 Hospitality,

Eunice Nakamura, declared that PPM's representations regarding G6 Pledgor's members

---

[1] ECF No. 54.
[2] ECF No. 53.

is incorrect and did not provide any further information regarding its members in its Reply.

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[3] "Congress has exercised its prerogative to restrict the subject-matter jurisdiction of federal district courts based on a wide variety of factors . . . ."[4] Diversity jurisdiction requirements are one such limitation.[5]

Plaintiff alleges this court has subject matter jurisdiction under 28 U.S.C. § 1332 because the "amount in controversy exceeds $75,000.00 and is between citizens of different states."[6] In their Amended Answer, Counterclaim and Third-Party Complaint, Defendants, G6 Hospitality, Jackie Nelon and Don Finley admit this court has subject matter jurisdiction.[7] As part of their Counterclaim and Third-Party Complaint, Defendants allege "G6 is a Delaware limited liability company that does business in Utah"[8] and this court has "subject matter jurisdiction over this action under 28 U.S.C. § 1332."[9] Thus, Defendants also seek to invoke the subject matter jurisdiction of this court under 28 U.S.C. § 1332.

---

[3] *Id*. (citation omitted).
[4] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 n.11 (2006).
[5] *See* 28 U.S.C. § 1332(a); *City of Indianapolis v. Chase Nat. Bank of City of N.Y.*, 314 U.S. 63, 77 (1941) (discussing congressional policy behind diversity jurisdiction requirements, which requires federal courts to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined").
[6] Complaint ¶ 5, ECF No. 2.
[7] *See* Amended Answer, Counterclaim and Third-Party Complaint ¶5, ECF No. 27.
[8] *Id.* Counterclaim ¶ 1, p. 21.
[9] *Id.* ¶ 3.

The Tenth Circuit has concluded that an LLC is an unincorporated association, not a corporation.[10] For unincorporated entities, the court's "diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of 'all [its] members.'"[11] Moreover, "where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC.'"[12] "'[T]he burden of proving jurisdiction is on the party asserting it.'"[13]

Here the court has entered two orders to show cause and held a hearing to determine the citizenship of Defendant G6 Hospitality. G6 Hospitality has failed to comply with the court's Order to Show Cause and did not provide any further information at the show cause hearing.

Accordingly, after hearing argument and considering the briefing from the parties, the court enters the following: G6 Hospitality is hereby sanctioned and fined for its failure to abide by this court's orders. G6 is ordered to pay PPM's attorney fees in the amount of $6,000 for its conduct in relation to the order to show cause. G6 shall complete

---

[10] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members.").

[11] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990)); *see also, Siloam Springs Hotel, L.L.C.*, 781 F.3d 1233, 1234.

[12] *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015) (*quoting Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)); *see Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) ("We note as well that this jurisdictional issue has the potential to be iterative. If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered."); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) ("[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each sub-member as well." (quotation omitted)); *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

[13] *State Farm*, 149 F.3d 1269, 1271 (quoting *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973)).

payment of the $6,000 in attorney's fees to PPM's counsel on or before December 4,

2018. Because of G6's failure to provide information necessary to establish diversity

jurisdiction, this case is hereby dismissed without prejudice.

ORDER

It is HEREBY ORDERED that Defendant G6 Hospitality is sanctioned for

violating court orders. G6 Hospitality is ORDERED to pay Plaintiff's reasonable attorney

fees in the amount of $6,000 on or before December 4, 2018.

IT IS FURTHER ORDERED that this case is DISMISSED without prejudice for

want of jurisdiction. The Clerk of Court is directed to close this case.

SO ORDERED this 27 November 2018.

_____
Magistrate Judge Brooke C. Wells
United States District Court for the District of Utah